# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
LINDA HUBBARD, a Personal
Representative of the Estate of
LESLIE MCKNIGHT, deceased,

             Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

             Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 16-1059V
Special Master Christian J. Moran

Filed: June 1, 2017

Stipulation; influenza ("flu") vaccine; acute disseminated encephalomyelitis ("ADEM").

<u>Alison H. Haskins</u>, Maglio Christopher, & Toale, Sarasota, FL, for Petitioner;
<u>Robert P. Coleman III</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On June 1, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Linda Hubbard ("petitioner"), on behalf of Leslie McKnight ("Ms. McKnight"), deceased, under the National Vaccine Injury on August 25, 2016. In her petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Ms. McKnight received on September 7, 2014, caused Ms. McKnight to suffer suffered acute disseminated encephalomyelitis ("ADEM"). Petitioner further alleges that Ms. McKnight's death was a sequela of her ADEM. Petitioner

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. McKnight as a result of her condition.

Respondent denies that Ms. McKnight suffered any injury as a result of the influenza vaccine administered on or about September 17, 2014, and denies that Ms. McKnight's death was a sequela of her allegedly vaccine-related ADEM.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $285,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Leslie McKnight. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1059V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

LINDA HUBBARD, as Personal )
Representative of the Estate of LESLIE )
MCKNIGHT, deceased, )
 )
    Petitioner, )
 ) No. 16-1059V (**ECF**)
v. ) Special Master Moran
 )
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
 )
    Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Linda Hubbard ("petitioner"), on behalf of Leslie McKnight ("Ms. McKnight"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Ms. McKnight's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. McKnight received the influenza vaccine on or about September 17, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the influenza vaccine, Ms. McKnight suffered acute disseminated encephalomyelitis ("ADEM"). Petitioner further alleges that Ms. McKnight's death was a sequela of her ADEM.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. McKnight as a result of her condition and/or her death.

6. Respondent denies that Ms. McKnight suffered any injury as a result of the influenza vaccine administered on or about September 17, 2014, and denies that Ms. McKnight's death was a sequela of her allegedly vaccine-related ADEM.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payment:

> A lump sum of $285,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Leslie McKnight. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the Estate of Ms. McKnight under the laws of the State of Colorado. No payment pursuant to this Stipulation shall be made until petitioner provides respondent with documentation establishing her appointment as legal representative of the Estate of Ms. McKnight. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the Estate of Ms. McKnight at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Ms. McKnight upon submission of written documentation of such appointment to respondent.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as the legal representative of the Estate of Ms. McKnight, on her own behalf, and on behalf of Ms. McKnight's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and respondent from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

3

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. McKnight resulting from, or alleged to have resulted from, the vaccination administered on or about September 17, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about August 25, 2016, in the United States Court of Federal Claims as petition No. 16-1059V.

14. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or respondent that the influenza vaccination caused Ms. McKnight's alleged ADEM or any other injury or death.

4

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Ms. McKnight.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Linda Hubbard*
LINDA HUBBARD

ATTORNEY OF RECORD FOR PETITIONER:

*Alison Haskins*
ALISON H. HASKINS
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, Florida 34236
(877) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature] for*
NARAYAN NAIR, M.D.
Director, Division of Vaccine Injury Compensation (DVIC), Acting Director Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau, U.S. Department Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Robert P. Coleman III*
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274

Dated: June 1, 2017

6