# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| LINDA HUBBARD, a Personal Representative of the Estate of LESLIE MCKNIGHT, deceased, | * * * |
| Petitioner, | * No. 16-1059V * Special Master Christian J. Moran |
| v. | * Filed: December 13, 2017 * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Attorneys' fees and costs; waiver * * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * | * |

Alison H. Haskins, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner; Robert P. Coleman, III, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Linda Hubbard filed a motion for attorneys' fees and costs. Ms. Hubbard is awarded the full amount of her request, **$19,310.79**.

\* \* \*

Ms. Hubbard alleged that the influenza vaccination caused Leslie McKnight to suffer acute disseminated encephalomyelitis and ultimately led to her death.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Ms. Hubbard compensation. Decision, issued June 1, 2017, 2017 WL 2797526. With the merits of Ms. Hubbard's case resolved, the parties addressed attorneys' fees and costs.

Ms. Hubbard filed an attorneys' fees and costs petition on June 29, 2017, requesting $17,796.50 in fees and $581.74 in costs. Ms. Hubbard incurred $932.55 in costs personally. See exhibit 10 (General Order #9 statement).

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed July 13, 2017, at 2. The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award. Id. at 3.

Ms. Hubbard reaffirmed her fees request in a reply filed on July 18, 2017. Ms. Hubbard also argued in her reply that the Secretary's position of not presenting any specific objections and deferring to the Special Master's discretion was overly burdensome on petitioners and Special Masters.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Hubbard received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. Hubbard's request for attorneys' fees and costs is GRANTED IN FULL:

> **a. A lump sum of $18,378.24 in the form of a check made payable to petitioner and petitioner's attorney, Alison H. Haskins; and**

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

2

  **b. A lump sum of $932.55 in the form of a check made payable to petitioner.**

  These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

  **IT IS SO ORDERED.**

                s/Christian J. Moran
                Christian J. Moran
                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.